## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CAROL BROWN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **5:03-CV-0171-4 (CAR)** |
| | * | |
| **METROPOLITAN LIFE INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendant** | * | |

_____

### *ORDER ON MOTION FOR ATTORNEYS' FEES*

After obtaining judgment in the amount of $51,648, Plaintiff has filed a motion to recover her attorneys' fees in the amount of $7,710 (Doc. 23).  An applicant for attorneys' fees "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).  To determine entitlement, courts in the Eleventh Circuit consider five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Florence Nightengale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1485 (11th Cir. 1995).  Plaintiff has addressed none of these factors in her motion.  There is no presumption in favor of granting attorneys' fees to the prevailing party in an ERISA case.  Id.  In addition, Plaintiff has failed to meet its burden "of supplying the court with specific and detailed

evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. The motion includes no affidavits or other evidence to demonstrate to the Court that the $200 hourly rate claimed is reasonable and consistent with hourly rates charged by lawyers of similar experience within the Macon market. Because Plaintiff has failed to meet her initial burden in moving for attorneys' fees, her motion is hereby **DENIED**.

**SO ORDERED**, this the 5th day of October, 2005.


S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

chw